# HANS A. HANSON, Respondent, v. WM. A. HULET, Appellant.

## (175 N. W. 205.)

**Highways — liability of driver of automobile for injury to horse — negligence of diver of automobile presumed and proven.**

In passing on a highway, defendant ran his Ford car against the plaintiff's horse and broke its leg, and he appeals from a judgment for $100, which is affirmed with costs.

Opinion filed November 8, 1919.

Appeal from the County Court of Ransom County, Honorable *F. S. Thomas,* Judge.

Affirmed.

*Curtis & Remington,* for appellant.

*Kvello & Adams,* for respondent.

ROBINSON, J.   In this case it appears that in November, 1917, in the gloam of twilight, on a country highway, the plaintiff and defendant met.   The plaintiff was returning from plowing and was driving five horses, two in the lead and three behind, the same as on the plow.   In passing, defendant ran his Ford car against the left hind leg of the lead horse and broke the leg so the animal had to be killed.   Defendant appeals from a judgment and verdict for $100.

NOTE.—On duty and liability of operator of automobile with respect to horses encountered on the highway, see notes in 1 L.R.A.(N.S.) 223, 224; 14 L.R.A. (N.S.) 251, and 48 L.R.A.(N.S.) 946, where it is held that the right of the driver of an automobile to pass around horses in the highway, either meeting or following them, must be exercised with that degree of care and prudence in driving the car which is consistent with the safety of others.

The driver of a motor vehicle is too apt to claim the right of way and to run his car so as to demand that horses and pedestrians must clear the road at the peril of their lives.

The negligence of defendant is presumed and clearly proven. A horse nearly always shies from a car and never runs into it, while a car never shies from a horse. A man on a horse has no excuse for running against a man on foot; a man driving a motor car on a country road has no excuse for running against horses. Defendant had no excuse for running his car against the horse and breaking its leg, nor had he any excuse for taking this appeal.

Judgment affirmed, with 10 per cent damages and costs, and case remanded forthwith.

CHRISTIANSON, Ch. J., concurs.

GRACE, J. I concur in the result.

BRONSON, J. (concurring). As against the assignments of error made by the appellant, I am of the opinion that the questions of negligence and contributory negligence were questions of fact for the jury, and that such questions were submitted to the jury without prejudicial error so far as the specifications of error herein are concerned. The judgment accordingly should be affirmed.

BIRDZELL, J., concurs.